-1-

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| **746 East 4th Street, LLC**, ) | |
| ) | Chapter 11 |
| Debtor. ) | Case No. 24-10157 JEB |

**ASSENTED TO MOTION TO DISMISS DEBTOR'S CHAPTER 11 CASE FOR FAILURE TO PROVIDE EVIDENCE OF INSURANCE COVERAGE AND REQUEST FOR EMERGENCY DETERMINATION (WITH CERTIFICATE OF SERVICE)**

If this case is not dismissed for failure to comply with the Court's Order to Update, then the United States Trustee moves the Court to schedule an emergency hearing on this motion to dismiss the chapter 11 case of 746 East 4th Street, LLC ("Debtor") because the Debtor has failed to provide evidence of appropriate insurance covering the assets of this estate. The United States Trustee seeks an emergency hearing on this motion because of the potential for immediate and incalculable administrative claims against the Debtor's estate and harm to the public due to the apparent lack of adequate insurance coverage.

In support, the United States Trustee states:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 151,

157, and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue in this district and of this proceeding and motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are 28 U.S.C. § 586(a), 11 U.S.C. §§ 307 and 1112(b), and Fed. R. Bankr. P. 1017.

2. Section 586(a)(8) of title 28 specifically requires the United States Trustee to move promptly upon finding material grounds for any relief under 11 U.S.C. § 1112.

**FACTS**

3. The Debtor filed a voluntary chapter 11 petition on January 25, 2024.

4. Debtor's petition is signed by Charles W. McCarthy, Jr. as its authorized representative. See Docket No. 1 (page 5 of 7). The Debtor is represented by Michael Van Dam, Esquire of Van Dam Law LLP ("Attorney Van Dam").

5. A committee of unsecured creditors has not been appointed by the United States Trustee.

6. Shortly after the commencement of this case, the United States Trustee provided Attorney Van Dam with the Operating Guidelines and Reporting Requirements for Chapter 11 Cases ("Operating Guidelines") which state that:

> **[i]mmediately upon filing, the Debtor must provide the United States Trustee with evidence of insurance for every policy maintained by the Debtor"** (original emphasis). A Certificate of Insurance from the Debtor's insurance agent with the United States Trustee named as a notified party is required. The Certificate of Insurance must show the type(s) of coverage, coverage limits, and policy period. The Certificate of Insurance must show the name of the Debtor (i.e. the name on the petition) as the insured party.

See Operating Guidelines at page 7, a true and correct copy of which is available at

https://www.justice.gov/ust-regions-r01/region-1-general-information.

7. The Operating Guidelines state further that the Debtor "shall maintain at least the following coverage, where appropriate: general comprehensive liability, property (personal and theft), casualty and theft, workers' compensation, vehicle, product liability, flood insurance, Directors and Officers liability, professional malpractice, liquor liability, and other coverage customary or prudent in the Debtor's business, or required by law," as well as "proof of renewal of insurance during [the] pendency of the case." Operating Guidelines at pages 13 – 14.

8. By email dated January 25, 2024, the United States Trustee reminded Attorney Van Dam that proof of insurance was due immediately, no later than two business days after the bankruptcy filing.

9. The Debtor's schedules and statements have not been filed. Debtor

has until February 8, 2024 to complete this petition. See Docket No. 2. Accordingly, there is very little information of record regarding the Debtor's assets and liabilities to determine what insurance coverage may be necessary.

10. On January 26, 2024, the United States Trustee spoke with Attorney Van Dam and discussed the requirement to maintain appropriate insurance coverage to protect the estate and the public from a risk of loss. The United States Trustee advised Attorney Van Dam that an emergency motion to dismiss this case would be filed unless proof of insurance was provided by close of business on January 26, 2024.

11. As of the date of this motion, Debtor has failed to submit evidence of any insurance coverage to the United States Trustee, despite multiple requests.

12. Attorney Van Dam assented to this motion by email dated January 29, 2024.

13. On January 25, 2024, the Debtor was Ordered to file certain documents by February 1, 2024 or this case may be dismissed (Docket No. 2).

**ARGUMENT**

14. Appropriate and adequate insurance coverage is necessary to protect and preserve the bankruptcy estate for the benefit of creditors. "Because the

debtor-in-possession stands in a fiduciary relationship with his creditors, his fiduciary obligation includes refraining from acting in a manner which could damage the estate, or hinder a successful reorganization of the business." *In re Sharon Steel Corp.*, 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988), *aff'd.*, 871 F.2d 1217 (3d Cir. 1989) (citations omitted).

15. Among the specified statutory causes for dismissal enumerated in Section 1112(b)(4) is the "failure to maintain appropriate insurance that poses a risk to the estate or to the public" as well as the "failure timely to provide information . . . reasonably requested by the United States trustee." See 11 U.S.C. § 1112(b)(4)(C) and (H).

16. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

17. Further, § 1112(b)(2) provides that:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of

creditors and the estate, and the debtor or any other party in interest establishes that –

(A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

(B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A) –
    (i)    for which there exists a reasonable justification for the act or omission; and
    (ii)    that will be cured within a reasonable period of time fixed by the court.

18. The United States Trustee is not aware of any reasonable justification for the Debtor's failure to provide proof of adequate insurance or respond to the United States Trustee's requests for same.

19. The Debtor's failure to provide proof of appropriate insurance coverage notwithstanding several requests by the United States Trustee establishes multiple grounds for dismissal under the provisions of 11 U.S.C. § 1112(b)(4)(C) and (H).

20. The interests of creditors and the estate would best be served by the immediate dismissal of this case under 11 U.S.C. § 1112(b)(1). See *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371 (5th Cir. 1987) (*en banc*), *aff'd* 484 U.S. 365 (1988) (noting that "the charge to the

bankruptcy judge under section 1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .").

## REQUESTED RELIEF

For these reasons, the United States Trustee requests that the Court enter an order 1) dismissing the Debtor's chapter 11 case; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

    Respectfully submitted,

    WILLIAM K. HARRINGTON  
    UNITED STATES TRUSTEE  
    REGION ONE

By: */s/ Heather A. Sprague*  
    Heather A. Sprague BBO# 661541  
    United States Department of Justice  
    John W. McCormack Post Office & Courthouse  
    5 Post Office Square, 10th Floor, Suite 1000  
    Boston, MA  02109-3934  
    PHONE:   (617) 788-0404  
    FAX:      (617) 565-6368  
    Heather.Sprague@usdoj.gov

Dated:    January 31, 2024.

## CERTIFICATE OF CONFERENCE
## AS REQUIRED BY LOCAL RULE 9013-1(g)(1)(C)

The undersigned hereby certifies, in accordance with Local Rule 9013-1(g)(1)(C), that the United States Trustee conferred by telephone and email with Attorney Van Dam on January 26 and January 29, 2024 regarding the substance of the foregoing Motion to Dismiss, and the request for an emergency determination.

## CERTIFICATE OF SERVICE

I certify that on January 31, 2024, true and correct copies of the foregoing motion were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including Attorney Van Dam, and via U.S. Mail, postage pre-paid, on the parties at the addresses referenced below.

        WILLIAM K. HARRINGTON
        UNITED STATES TRUSTEE
        REGION ONE

By:    */s/ Heather A. Sprague*
        Heather A. Sprague BBO# 661541
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA  02109-3934
        PHONE:   (617) 788-0404
        FAX:   (617) 565-6368
        Heather.Sprague@usdoj.gov

**SEE ATTACHED MAILING MATRIX**

```
Label Matrix for local noticing          746 East 4th Street, LLC              Boston
0101-1                                   245 Emerson Street                    U. S. Bankruptcy Court
Case 24-10157                            Boston, MA 02127-3135                 J.W. McCormack Post Office & Court House
District of Massachusetts                                                      5 Post Office Square, Suite 1150
Boston                                                                         Boston, MA 02109-3945
Wed Jan 31 11:08:44 EST 2024

City Of Boston, Treasury Department      FTF Lending LLC                       FTF Lending, LLC
City Hall Room M-5, One City Hall Square 79 Madison Avenue                     1300 East 9th Street
Bankruptcy Coordinator                   New York, NY 10016-7802               Suite 800
Boston, MA 02201-0001                                                          Cleveland, OH 44114-1517


Hackett Feinberg P.C.                    Internal Revenue Service              Mass Dept of Revenue
Attn: Lauren A. Solar, Esq.              P.O. Box 7346                         Attn: Bankruptcy Unit
155 Federal Street                       Centralized Insolvency Operations     PO Box 7090
9th Floor                                Philadelphia, PA 19101-7346           Boston, MA 02204-7090
Boston, MA 02110-1610


Michael Van Dam                          Richard King - B                      End of Label Matrix
Van Dam Law LLP                          Office of the US Trustee              Mailable recipients    10
233 Needham Street                       J.W. McCormack Post Office & Courthouse  Bypassed recipients    0
Suite 540                                5 Post Office Sq., 10th Fl, Suite 1000 Total                  10
Newton, MA 02464-1533                    Boston, MA 02109-3901
```